NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0311n.06

Case No. 16-2257

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 07, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| YASIN REEDER, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| COUNTY OF WAYNE, MICHIGAN, | ) | O P I N I O N |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:   BOGGS, McKEAGUE, and GRIFFIN, Circuit Judges.

**McKEAGUE, Circuit Judge.**   Plaintiff Yasin Reeder was employed by defendant Wayne County as a police officer of the Wayne County Sheriff's Office for almost fifteen years before he was discharged in 2014 for refusing to work mandatory overtime. Following his discharge, Reeder filed a ten-count complaint against the County. In the claim that is the subject of this appeal, Reeder alleged that the County interfered with his rights under the Family and Medical Leave Act ("FMLA"). Reeder alleged that the County failed to give him the required notice regarding his eligibility for medical leave under the FMLA, despite knowing that he suffered from a serious medical condition that incapacitated him from performing mandatory overtime. The claim was tried before a jury, which returned a verdict in Reeder's favor and awarded him damages in the amount of $187,500. The district court entered judgment on the verdict and the County now asserts two claims of error, contending: (1) the court erred in

answering a question from the jury during deliberations; and (2) the court erred when it denied the County's motion for judgment as a matter of law after Reeder rested his case. The fundamental issue presented is whether the County can be liable for "interference" simply because it failed to advise Reeder of his FMLA rights. We find no error and therefore affirm.

**I**

Reeder was hired by the Wayne County Sheriff's Office on May 24, 1999. During most of the next fifteen years, he served as a police officer assigned to maintain inmate security in the Wayne County Jail, on the midnight shift. In the Summer of 2013, Reeder began to experience anxiety and depression that interfered with his ability to work as he formerly had. He attributed the anxiety primarily to the discovery of his brother's body in the Detroit River after he'd been missing for several months, and to his father's terminal cancer diagnosis. Reeder began to experience chronic chest pain, numbness in his arm, vomiting, and difficulty sleeping.

He was still able to complete his ordinary eight-hour shift. However, because the County Jail was understaffed, he would often be required to work overtime, beyond the completion of his ordinary shift. Although Reeder had previously welcomed such overtime hours, after his symptoms began, he felt he could not work back-to-back shifts without jeopardizing his fellow officers. He therefore refused mandatory overtime, telling his superiors he "wasn't fit for duty" due to drowsiness and dizziness. As a result of these refusals, Reeder was subject to discipline in the form of reprimands and suspensions during the Fall of 2013. He received counselling through the employee-assistance program and then received a prescription for Xanax from his physician. The Xanax helped control Reeder's anxiety, but he still did not feel fit to work more than an eight-hour shift. He continued to refuse overtime work and continued to be disciplined for his refusals.

In January of 2014, Reeder was suspended for eight days for refusing overtime. He returned to his treating physician, Nagashree Chandrashekar, M.D., who issued a disability form advising that Reeder was disabled from work until February 26, 2014, due to "atypical chest pain/sit. anxiety[,] work related stress." R. 27-4, Disability Form, Page ID 418. On his return to work, per the disability form, Reeder was restricted from working more than eight hours due to stress. Reeder delivered the form to the County Personnel Office the next day, January 28, 2014, and was told the information would be reviewed and he would be contacted. The Personnel Office is responsible for processing leave requests under the FMLA, but Reeder was not advised of his rights under the FMLA at this time. Nor was Reeder subsequently contacted by Personnel.

Meanwhile, despite the disability form, Reeder continued to work because he could not financially afford not to, but he continued to refuse overtime hours and continued to be disciplined. In February, Reeder explained to Deputy Chief Tanya Guy that he had provided the disability form describing his restrictions to Personnel, but, wary of being stigmatized, he declined to show her a copy, citing his privacy rights. On February 14, Reeder obtained another letter verifying his medical condition, this time from his treating psychiatrist, Leon Rubenfaer, M.D. This certification, too, restricted him to eight hours per day in the workplace. Reeder provided it to Personnel, but again received no information as to his rights under the FMLA and no other response.

Reeder continued to work his assigned overnight shift and continued to be disciplined for refusing overtime hours. After an administrative review hearing on March 4, 2014, Reeder was subject to another eight-day suspension, despite reminding Deputy Chief Guy that he had provided medical certification of his restrictions to Personnel. Reeder then obtained another

letter from Dr. Rubenfaer on March 4, confirming the continuing need for the eight-hour-per-day restriction. Reeder provided this letter to Personnel on March 5. Again, Reeder was told the information would be reviewed and Personnel would "get back" with him, but no one did. Nor was he given advice or provided forms for requesting relief under the FMLA.

On April 4, 2014, Reeder's police powers were suspended and he was made to surrender his gun and his badge. He was not given a reason, but he suspected that someone had finally examined his personnel file and determined that he had "psychological medical issues." On April 24, an administrative review hearing was conducted, Reeder was found guilty of refusing to work overtime hours on six dates in the prior month without acceptable explanation, and he was terminated effective May 7, 2014.

Reeder commenced this action in January 2015, asserting claims for interference with rights under the FMLA as well as federal and state claims for discrimination and retaliation. Trial was conducted on several of the claims in July 2016. The district court granted the County's motion for judgment as a matter of law on Reeder's claim for retaliation based on race. The jury awarded a verdict in favor of the County on all remaining claims except the claim for interference with FMLA rights, on which it awarded Reeder $187,500 in damages. The court entered judgment in accordance with the verdict and this appeal followed.

## II

### A. Jury Instruction Error

While the jury was deliberating, the foreperson presented a question to the court by way of a handwritten note. The County contends the court's answer to the question was erroneous as a matter of law and misled the jury, to its prejudice.

The legal accuracy of a jury instruction is reviewed de novo. *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 305 (6th Cir. 2011). The denial of a proposed instruction, however, is reviewed only for abuse of discretion. *Id.* We will reverse a judgment on the basis of an erroneous jury instruction "only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Id.* at 305–06 (quoting *United States v. Harrod*, 168 F.3d 887, 892 (6th Cir. 1999)).

The court read the contents of the jury's note into the record as follows:

> If the defendant by their inaction in emphasizing that the FMLA paperwork needed to be filled out—and it looks like—caused the plaintiff to neglect to do it, does their inaction constitute interference?

R. 81, Trial Tr. vol. 6 at 4, Page ID 2548. After hearing the positions of counsel, the court answered the jury with a note saying "the question you have posed may or may not be interference. That is for you to decide." *Id.* at 13, Page ID 2557.

Reeder's counsel was not entirely satisfied with this response, preferring that the jury be instructed, in accordance with federal regulation, to the effect that:

> Failure to follow the notice requirements set forth in this section may constitute an [interference claim, or] interference with, restraint or denial of the exercise of an employee's FMLA rights.

*Id*. at 9, Page ID 2553 (quoting 29 C.F.R. § 825.300(e) (bracketed language cited by counsel not actually included in text of regulation)).

Counsel for the County objected to Reeder's counsel's proposal, instead asking the court to simply refer the jury back to the instructions already given, which were said to provide an adequate definition of "interference," stating: "Your Honor, I trust this jury that they can actually make a decision based on the instructions that are already given." *Id.* at 8, Page ID 2552. Reeder's counsel objected to simply referring the jury back to the instructions.

After duly considering both sides' positions, the court responded to the jury question as indicated above, explaining to counsel:

> I don't know if I could be more neutral about the question than giving them this answer. Because it says, "it may or may not". It's really up to them, and it's for them to decide.

*Id.* at 15, Page ID 2559.

The County now contends on appeal that the court's answer improperly expanded the definition of FMLA interference by allowing the jury to find interference based solely on the findings that the County failed to emphasize that the FMLA paperwork needed to be filled out and that failure caused Reeder to neglect to do so. The County contends that inaction on the part of the employer cannot, as a matter of law, constitute interference. In support of this proposition, the County cites one case, *Hilborn v. Cordaro*, 2007 WL 2903453 (M.D. Pa. Sept. 28, 2007).

First, as Reeder points out, because the County did not assert *this* objection below, it has not been preserved. That is, the County did not ask the trial court to respond to the jury's question by instructing that the County's inaction could not be found to constitute interference. The issue is therefore deemed waived and we will not address it in the first instance unless "a plain miscarriage of justice" would result. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 614–15 (6th Cir. 2014). Because no such miscarriage is implicated here, we decline to reach the issue.[1]

---

[1] Were we to address the merits of the County's argument, we would find it meritless. In *Hilborn*, the plaintiff's FMLA interference claim was dismissed at the pleading stage, but not because it alleged only inaction on behalf of his employer. Rather, by alleging that he had filed an FMLA leave request and that his employer had not responded to it, Hilborn was deemed to have stated facts making out a violation of the FMLA. *Hilborn*, 2007 WL 2903453 at *6–7. Hilborn's claim was nonetheless dismissed for failure to state an *actionable* claim because it contained no allegation of actual harm flowing from the violation. Here, in contrast, there is no dispute that Reeder suffered harm; his termination flowed directly from his failure to request

Second, the County's preserved claim of error asserts that the court abused its discretion by refusing to give the County's preferred answer to the jury's question. The County had objected to Reeder's proposed answer—i.e., asking the court to instruct the jury in accordance with the notice requirements of federal regulations—and instead asked the court to refer the jury back to the instructions that they had already been given. The court thus gave the County substantially all that it asked for. The court essentially sustained the County's objection to Reeder's proposed answer. Then, by instructing the jury that their question—whether the County's inaction in failing to advise Reeder of the required paperwork could amount to "interference"—was for them to decide, the court effectively instructed the jury just as the County had requested. The jury was effectively told to continue their deliberations in light of the instructions that they had already been given—just as counsel for the County had requested. If there is a difference between the answer given by the court and that requested by the County, it is insignificant and immaterial. Nor was the court's answer confusing, misleading or prejudicial. The court did not abuse its discretion.

### B. Denial of Judgment as a Matter of Law

The County's second claim of error is related to the first and is no more persuasive. At the close of Reeder's case, the County moved for judgment as a matter of law under Fed. R. Civ. P. 50(a). The County argued that Reeder never asked for FMLA leave and never provided enough information to put the County on notice that he suffered from a serious medical condition warranting relief under the FMLA. Consequently, the County argues that Reeder's

---

FMLA leave using the process required by the County, about which he had not been specifically advised. *Hilborn* thus does not materially support the County's position.

Moreover, we too have held that an employer's inaction in failing to give an employee required notice of his rights under the FMLA may support recovery on an FMLA interference claim if such failure caused the employee harm. *See Wallace v. FedEx Corp.*, 764 F.3d 571, 588–89 (6th Cir. 2014).

proofs failed to satisfy essential prerequisites to relief under the FMLA. In denying the motion, the district court concluded the evidence was sufficient to create questions of fact for the jury to decide. We review the denial of the motion de novo. *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 306 (6th Cir. 2016). We may disturb the district court's ruling only if, "when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Id.* (quoting *Balsley v. LFP, Inc.*, 691 F.3d 747, 757 (6th Cir. 2012)). We may not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury. *Id.*

Whether there is a genuine issue of material fact for the jury is determined with reference to the governing substantive law. The parties agree that, to make out a prima facie case of FMLA interference, Reeder had to show that:

(1) he was an eligible employee;

(2) the County was an employer as defined under the FMLA;

(3) he was entitled to leave under the FMLA;

(4) he gave the County notice of his intention to take leave; and

(5) the County denied him FMLA benefits to which he was entitled.

*See Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012). In its motion, the County focused on the fourth element, contending Reeder neither requested nor gave notice of an intention to take FMLA leave.

There is no evidence that Reeder formally requested FMLA leave in connection with his refusals to work overtime. Yet, we have characterized the sufficiency of this "notice of intention" requirement as "intensely factual," depending on circumstances like the nature of the

communications, the nature of the medical condition, and the exigencies. *Id.* The employee's burden in this regard "is not heavy." *Wallace v. FedEx Corp.*, 764 F.3d 571, 586 (6th Cir. 2014). An employee need not expressly assert rights under the FMLA, but will be deemed to have given the employer sufficient notice by providing information from which the employer can reasonably conclude that an FMLA-qualifying circumstance is in play. *Id.* Once the employee has met this low threshold requirement, it is incumbent on the employer—if more information is needed to determine whether the condition is FMLA-qualifying—to require, *by written notice*, certification by a health-care provider. *Id.* at 587–88. This written notice must also include notice of the consequences of an employee's failure to provide adequate certification. *Id.* at 588. Further, if the employee provides incomplete certification, the employer shall so advise the employee and "shall state in writing what additional information is necessary." 29 C.F.R. § 825.305(c).

The instant question is thus whether Reeder presented sufficient evidence to support a reasonable finding that he gave the County adequate information from which it could reasonably conclude that he was subject to a serious health condition rendering him unable to perform the ordinary requirement of mandatory overtime. The record includes evidence that Reeder delivered to the County Personnel Office three notes of health-care providers certifying that he was unable to work in excess of eight hours per day. This evidence, viewed in the light most favorable to Reeder, was certainly enough to create a genuine question for the jury as to whether Reeder had given the County sufficient notice that he was subject to an FMLA-qualifying condition that would excuse him from mandatory overtime work. The County disagrees, but its arguments are all unavailing.

First, the County argues that it had no obligation to provide FMLA leave where Reeder did not request it and where he sometimes chose to work more than eight hours in a day, despite

his doctors' prescribed restrictions. But the specific question posed by the County's motion for judgment as a matter of law on Reeder's FMLA interference claim, and now by its appeal, is not whether Reeder was entitled to FMLA leave. The question is whether he provided the County sufficient information to trigger its obligation to give him written notice of his need to provide adequate medical certification, and of the consequences of failing to do so. Consider the pertinent language of the County's own FMLA Policy, which mirrors the standards summarized above:

> The employee shall give sufficient information to make the employer aware that the employee needs FMLA-qualifying leave. Wayne County may inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee, and obtain necessary details of the leave to be taken, which includes questions to determine if the leave is because of a serious health condition.

R. 27-7, County FMLA Policy, Part II.D, Page ID 426. Under this standard, Reeder clearly made a prima facie showing that he provided sufficient information to put the County on notice of its duty to inquire further about whether FMLA leave was being sought. We have no difficulty concluding, as did the district court, that the evidence that Reeder provided three medical notes to Personnel—relating his inability to work more than eight hours per day to atypical chest pain, situational anxiety and work related stress or, more generally, to a "medical problem"—was sufficient to create a jury question as to whether Reeder met his "notice of intention" burden.

Second, the County insists that it had an FMLA-compliant leave request procedure in place and Reeder simply did not comply with it. Citing *Kobus v. College of St. Scholastica, Inc.*, 608 F.3d 1034 (8th Cir. 2010), the County argues that, under these circumstances, it was entitled to terminate Reeder's employment for excessive absenteeism. *Kobus* is clearly distinguishable. Kobus had not only failed to file an FMLA leave application, but, when presented with a leave

application form, expressly disclaimed needing FMLA leave. *Id.* at 1037. Later, when his employer directly asked him whether he was requesting FMLA leave, advising him that a doctor's certification would be required, Kobus submitted his resignation instead of an FMLA leave request. *Id.* Under these circumstances, the employer was properly awarded judgment because Kobus had failed to meet his threshold requirement of giving notice of intention to request FMLA leave.

Here, in contrast, there is no evidence that the County, in response to Reeder's assertion that he was unable to work overtime, asked if he was requesting FMLA leave, advised him of his FMLA rights, or provided him with an FMLA leave application form. Also distinguishing this case from *Kobus* is evidence showing that Reeder, in response to disciplinary actions taken because of his refusals to work overtime hours, had delivered three medical notes to Personnel and had advised his superiors that Personnel had the notes. Unlike Kobus, Reeder did not resign, but contested the disciplinary actions and continued working as much as possible within (and sometimes even beyond) his prescribed restrictions. Reeder might have communicated his intentions more clearly, but a reasonable juror certainly could infer that Reeder provided medical certification to Personnel in an effort to obtain excusal from mandatory overtime or, in other words, to obtain "intermittent leave" under the FMLA, as defined in the jury instructions. Whether this evidence was sufficient to meet Reeder's burden of showing notice of intention was properly deemed a jury question.

Third, the County argues in effect that, because Reeder was aware of the County's FMLA leave request procedure, he could not be deemed to have provided sufficient notice to trigger further inquiry because he did not submit the leave request form required by County policy. The County bases this argument on the fact that Reeder, in 2008, had requested FMLA leave in

connection with a different injury. This argument, at best, presents a disputed fact question properly left to the jury.

Reeder testified that he was not aware of his eligibility for reduced-schedule leave under the FMLA in relation to the stress and anxiety he experienced in 2013–14. Though he discussed his medical condition with management several times, he testified that the possibility of medical leave was never mentioned and that he was not provided with a leave request form. As to the 2008 injury that required FMLA leave, Reeder explained that he sustained serious injuries in a rollover car accident, requiring hospitalization and disabling him from work for two and a half to three months. Among the injuries, he sustained a "grade three" concussion that resulted in memory loss. Reeder had no recollection of filling out the FMLA paperwork at that time. On this record, the trial court could hardly have ruled as a matter of law that Reeder had not given sufficient notice of his need for FMLA leave.[2]

Finally, the County cites two Ninth Circuit cases for the proposition that his medical condition-related communications with his superiors and the Personnel Office were insufficient to meet his burden of giving notice of an FMLA-qualifying condition. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014), and *Bailey v. Southwest Gas Co.*, 275 F.3d 1181 (9th Cir. 2002). The argument does not deserve extended discussion; both cases are clearly distinguishable on their facts.

Suffice it to say, for all the foregoing reasons, on de novo review, we find no error in the trial court's denial of the motion for judgment as a matter of law.

---

[2] Moreover, even if Reeder were shown to have been generally familiar with the County's FMLA leave request requirements, this would not have obviated the County's duty to give Reeder individualized notice of the requirements in relation to his asserted need to be excused from mandatory overtime. *See Wallace*, 764 F.3d at 589 (recognizing enforceability of requirement that employer provide employee individualized notice of consequences of not returning medical certification form).

### III

Accordingly, the judgment of the district court is **AFFIRMED**.